IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JEFFREY R. FROEMEL,

                Plaintiff,

v.                                                  OPINION and ORDER

SAWYER COUNTY COURT, JUDGE YACKLE,            25-cv-949-jdp
and D.A. POQUETTE,

                Defendants.

---

      Plaintiff Jeffrey Froemel, appearing without counsel, is incarcerated at Racine Correctional Institution. Froemel alleges that a state-court judge and district attorney violated his constitutional rights before and during a criminal trial. He has made an initial partial payment of the filing fee as previously directed by the court.

      Froemel's pleading is styled as a civil rights complaint under 42 U.S.C. § 1983, but the relief that he asks for is a new trial. In 2018, Froemel was convicted of repeated sexual assault of a child and child enticement. *See State v. Froemel*, Sawyer County Case No. 2016CF201. If Froemel is trying to bring a civil rights action for damages, I would dismiss those claims for the same reasons that I dismissed similar claims that he previously attempted to bring in this court. *See Froemel v. Yackel*, No. 23-cv-857-jdp, 2024 WL 111812 (W.D. Wis. Jan. 10, 2024) (claims barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and judge and district attorney immune from suit).

      If all Froemel seeks is the vacation of his conviction or release from prison, those aren't forms of relief that he can receive in a § 1983 action. Nor can this court convert Froemel's action into one for habeas corpus. The Court of Appeals for the Seventh Circuit has held that "[w]hen a plaintiff files a § 1983 action that cannot be resolved without inquiring into the

validity of confinement, the court should dismiss the suit without prejudice" rather than convert it into a petition for habeas corpus. *Copus v. City of Edgerton*, 96 F.3d 1038, 1039 (7th Cir. 1996). I note that if Froemel were to respond by filing a habeas corpus petition, he will need to explain why he has waited until several years after the Wisconsin Supreme Court denied his petition for review to file a habeas petition. *See State v. Froemel*, 2020AP1083-CR, 2022 WI 94 (Dec. 15, 2021).

The Court of Appeals for the Seventh Circuit has cautioned against dismissing an unrepresented plaintiff's case without giving them a chance to amend the complaint. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). But in this case, dismissal of this lawsuit is appropriate because there isn't any reason to think that Froemel could amend his complaint to fix the problems discussed above.

ORDER

IT IS ORDERED that:

1. This case is DISMISSED.

2. The clerk of court is directed to enter judgment accordingly and close this case.

Entered December 17, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge